`                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**KEMPER L. QUARLES, JR.,**

                              **Plaintiff,**

            v.                                      CASE NO. 09-3238-SAC

**KENT BOAL, et al.,**

                              **Defendants.**


### MEMORANDUM AND ORDER

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.

Plaintiff names as defendants six Wichita, Kansas, police officers and one Wichita detective. He claims his rights under the Fourth Amendment were violated by a search conducted at his mother's residence without a warrant. Plaintiff states that $587.00 was seized during the search.

Plaintiff claims this evidence is inadmissible and prejudicial. He seeks release of the money and the dismissal of criminal charges against him. He also appears to seek injunctive relief to end police harassment and brutality.

The court takes notice that in November 2010, plaintiff pled guilty to one count of marijuana possession and one count of fleeing or attempting to elude a police officer. *State v. Quarles*, 286 P.3d 837 (Table)(Kan.App. 2012).

**Discussion**

First, to the extent plaintiff seeks the dismissal of criminal charges against him, he must pursue relief in the state courts. If, as it appears, plaintiff has entered a plea of guilty to those charges, his claim is moot.

Next, to the extent plaintiff seeks the return of the money allegedly seized at the time of the search, no Fourth Amendment claim for federal relief is stated so long as plaintiff has an adequate post-deprivation remedy available to him. *See Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981).

Under Kansas law, plaintiff may pursue an action in replevin to "recover possession of specific personal property." Kan. Stat. Ann. § 60-1005.

Likewise, to the extent plaintiff challenges the seizure itself under the Fourth Amendment, his entry of a guilty plea suggests this issue is now moot. A criminal defendant generally waives all objections of unconstitutional conduct by the entry of a knowing and voluntary guilty plea, as "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *See also United States v. Salazar,* 323 F.3d 852, 856 (10th

2

Cir. 2003) (holding that a petitioner waived all Fourth Amendment claims by entering a guilty plea).

Accordingly, the court is considering the summary dismissal of this action for failure to state a claim upon which relief may be granted. The plaintiff will be granted an opportunity to show cause why such a dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including August 24, 2012, to show cause why this matter should not be dismissed for the reasons set forth herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

DATED: This 25th day of July, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge