```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KEMPER L. QUARLES, JR.,**

                      **Plaintiff,**

        v.                                      CASE NO. 09-3238-SAC

**KENT BOAL, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated in the Kansas Department of Corrections.

By its order of July 25, 2012 (Doc. 11), the court directed plaintiff to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff was advised the failure to file a timely response might result in the dismissal of this matter without additional prior notice.

The order mailed to plaintiff was returned due to an expired forwarding period (Doc. 12), and was remailed on the same day. The remailed order was returned on August 3, 2012, due to the closure of the post office box that was the last address plaintiff provided to the court (Doc. 13).

A court has the inherent power to dismiss an action for failure to prosecute in order to assure the orderly and expeditious resolution of the cases on its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides, in part, "If the plaintiff fails... to

comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit Court of Appeals has interpreted this rule "to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Having considered the record, the court concludes this matter may be dismissed due to plaintiff's failure to comply with D.Kan. Rule 5.1(c)(3), which requires a party proceeding pro se to notify the clerk in writing of any change of address or telephone number.

   IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to lack of prosecution.

   A copy of this order shall be transmitted to the plaintiff at his last known address.

   **IT IS SO ORDERED**.

   DATED:  This 28th day of August, 2012, at Topeka, Kansas.


                            S/ Sam A. Crow
                            SAM A. CROW
                            U.S. Senior District Judge